UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE MALIA RAQUENIO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:16-cv-01830-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## I. INTRODUCTION

Plaintiff Connie Raquenio ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1] Having considered the parties' briefs, along with the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## II. BACKGROUND

At the time of her DIB application, Plaintiff was 56 years old with four or more years of college experience. AR 159. Prior to her alleged disability, Plaintiff worked as a disability representative, office assistant, patient account representative, and word processor. AR 159, 205-206.

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge Barbara A. McAuliffe. (Docs 5, 6).

1

Plaintiff alleges that she became unable to work on February 1, 2013 because of major depression, paranoia, anxiety, fibromyalgia, degenerative joint disease, cervical radiculopathy, and temporomandibular joint disorder ("TMJ"). AR 204. Plaintiff later returned to work part time; she therefore alleges disability for a closed period from February 1, 2013, until April 1, 2014. AR 39-40.

Plaintiff applied for benefits on August 5, 2013. AR 204. That application was denied initially and on reconsideration. On August 20, 2015, a hearing was held before ALJ Sharon L. Madsen. AR 36. Plaintiff, along with her attorney, appeared and testified. AR 36-64. The ALJ also heard testimony from Judith Najarian, a vocational expert. AR 58-62.

In a decision dated September 18, 2015, the ALJ found that Plaintiff was not disabled because, despite some impairment, Plaintiff retained the residual functional capacity (RFC) to perform medium work limited to simple, routine tasks with occasional public contact. AR 21. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final determination for purposes of judicial review. AR 1-6. This appeal followed.

### III. STANARD OF REVIEW

#### 1. Scope of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards,

and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

### 2. Disability Standard

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## IV. DISCUSSION[2]

In her sole issue, Plaintiff argues that the ALJ erred in finding her testimony regarding the extent of her pain and symptoms less than fully credible. (Doc. 15 at 10-15).

As a preliminary matter, Plaintiff asserts that the Court should apply Social Security Ruling ("SSR") 16-3p to determine if the ALJ properly evaluated Plaintiff's pain and limitation testimony. (Doc. 15 at 9). The Court declines to do so. At the time of the ALJ's decision, SSR 96-7p, 1996 WL 374186, was in effect and explained the factors to be considered in assessing credibility. The Court acknowledges that SSR 96-7p was superseded on March 28, 2016, by SSR 16-3p. SSR 16-3p was republished on October 25, 2017, 2017 WL 5180304, and makes clear that the ALJ will apply SSR 16-3p only when making decisions on or after March 28, 2016, and federal courts will review an ALJ's decision using the rules that were in effect at the time the decision issued. *Id.* at 5180304, n. 27. The decision in this case was rendered prior to March 28, 2016, before SSR 16-3p became effective, and thus the Court will not apply SSR 16-3p in this matter.

---

[2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004), First, the claimant must produce objective medical evidence of his or her impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his or her symptoms only if the ALJ makes specific findings and provides clear and convincing reasons for doing so. *Id.*

Here, the ALJ found that Plaintiff satisfied the first step of the analysis and made no finding of malingering. At the second step of the analysis, however, the ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ." AR 29. Therefore, the ALJ's reasons for discounting the alleged severity of Plaintiff's symptoms must be specific, clear and convincing. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015). The ALJ discounted Plaintiff's credibility as follows:

> In this case, the claimant's allegations are not fully credible. For example, the claimant reported complaints of fibromyalgia, but treatment notes revealed no trigger points. The claimant further reported neck pain and an x-ray showed cervical degenerative joint disease. However, physical examinations were generally normal and subsequent treatment records showed no further complaints of neck pain or fibromyalgia related symptoms. The claimant also reported a history of depression and anxiety, but the mental status examination findings for the whole period at issue do not support more than moderate limitations. In addition, treatment records showed mood improvement since initiating new medication. Furthermore, the claimant testified to caring for her mother, driving, doing light housework, watching television, using the computer, and cooking. She further reported returning to work part-time and taking online classes working on her master's degree. This significant amount of daily activity is inconsistent with the allegation she is unable to work. These inconsistent statements coupled with a significant amount of daily activity, significantly detracts from the credibility of her allegations.
>
> In sum, the above residual functional capacity assessment is supported by the overall medical evidence of record for the reasons discussed above. The extent of the claimant's subjective complaints is not supported by the medical evidence of record and her credibility is diminished because of inconsistent statements, unsupported allegations, and her return to part-time employment.

AR 29.

The Court finds that the ALJ provided several specific, clear and convincing reasons for discounting Plaintiff's testimony. First, the ALJ permissibly gave less weight to Plaintiff's testimony of both physical and mental disability based on her lack of complaints and relatedly conservative treatment during the relevant time period. This was a specific and convincing reason to discount Plaintiff's credibility as the Ninth Circuit is clear that an ALJ may permissibly consider a claimant's conservative treatment in making an adverse credibility determination. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). The ALJ noted that despite her allegations of physical impairments, Plaintiff's treatment records showed very little complaints of neck pain or fibromyalgia related symptoms. AR 29; *Burch*, 400 F.3d at 681 ("[t]he ALJ is permitted to consider lack of treatment in his credibility determination"). Between February 1, 2013, and April 1, 2014—the closed period—Plaintiff complained of TMJ jaw pain once, in June 2013, and of fibromyalgia pain once, in February 2014. AR 672-73, 1141. The ALJ appropriately found that the failure to seek treatment during this time period undermined Plaintiff's allegations that these conditions disabled her. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination").

With respect to her mental impairments, the ALJ properly noted that, in some instances, Plaintiff's conservative treatment measures ameliorated her symptoms. *See, e.g.*, AR 29. An ALJ properly considers the effectiveness of treatment when evaluating symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), (v); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (improvement with conservative treatment undermined allegations of disabling symptoms). Here, Plaintiff reported improvement of her allegedly disabling mental symptoms with medication and treatment. AR 961, 966, 972. Even when her condition worsened significantly (AR 714), it improved the next day (AR 720-21), and her symptoms similarly went from moderate (AR 725, 729) to mild (AR 734) within one month in late 2013. Plaintiff also reported improvement with treatment later in 2014 from taking Ritalin. AR 1125, 1033. This was a valid basis to find Plaintiff not credible. *See Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling[.]").

Second, the ALJ noted that the objective medical evidence in the record did not support Plaintiff's subjectively disabling symptoms. AR 29. Although a lack of medical evidence cannot form the sole basis for discounting symptom testimony, "it is a factor that the ALJ can consider in [his] credibility analysis." *Burch*, 400 F.3d 676, 681 (9th Cir. 2005); *see also Morgan v. Comm'r*, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ may consider inconsistencies between medical evidence and claimant's testimony of disabling restrictions). Specifically, in February 2014, Plaintiff alleged pain but moved her neck normally, and also had full range of motion in her shoulders. AR 1141. Plaintiff also alleged disabling depression and anxiety, yet as the ALJ noted, her mental status examinations were routinely normal. AR 952, 956, 962, 967, 973, 979, 716, 720, 725, 729, 734, 738, 742).

Particularly troubling with respect to Plaintiff's normal mental status examinations is evidence that Plaintiff demonstrated these similarly normal mental status examinations both before and after returning to substantial gainful activity. AR 844, 851, 856, 867-68, 1033-34, 1029, 1022-23, 1014-15, 1008-09, 1003-04, 997, 992; *see Gregory v. Bowen*, 844 F.3d 664, 667 (9th Cir. 1988) (affirming rejection of allegations of disabling pain because the claimant worked for years with the same level of pain she alleged was disabling). Accordingly, the ALJ reasonably found that these essentially benign physical and mental examinations undermined Plaintiff's allegations of disabling physical and mental impairments. *See* 20 C.F.R. §§ 404.1529 (c)(1) & 2 and 416.929(c)(1) & (2) (2013) (requiring consideration of medical history, medical signs and laboratory findings, and objective medical evidence in evaluating the extent and impact of alleged pain); *Batson*, 359 F.3d 1190, 1196 (9th Cir. 2004) (holding ALJ properly relied on objective medical evidence and medical opinions in determining credibility).

While the above stated reasons are independently sufficient to support an adverse credibility determination, the Court further concludes that the ALJ supported her credibility findings with additional reasons by determining that Plaintiff's daily activities undermined her allegations of disabling pain and depression. *See Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1162 (9th Cir. 2008). With respect to her daily activities, the ALJ noted that Plaintiff was a caregiver to her elderly mother, who suffered from dementia. AR 29, 217, 245, 951. Additionally, Plaintiff completed all of her own ordinary household chores, including driving, preparing meals, cleaning the house, caring for the yard,

shopping, and managing finances. AR 246-47, 218-19 (prepares meals, cleans the house, takes care of the yard, drives, shops, manages money)). Although Plaintiff argues that ALJ penalized her for returning to part-time work and school after her period of disability ended, Plaintiff's significant activities—that were both mentally and physically demanding—during the closed period were considerably more extensive than the level of activity the Ninth Circuit has previously found to undermine allegations of disabling symptoms. *See, e.g., Marsh v. Colvin*, 792 F.3d 1170, 1174 n.3 (9th Cir. 2015) (affirming ALJ's rejection of the claimant's symptom allegations based on the claimant's ability to care for a child and participate in vocational rehabilitation); *Burch*, 400 F.3d at 680-81 (affirming the ALJ's finding that a claimant was "quite functional" because she could cook, clean, shop, interact with others, and manage finances).

An ALJ can properly discount a claimant's credibility when the daily activities demonstrate an inconsistency between what the claimant can do and the degree that disability alleged. *Molina v. CSS*, 674 F. 3d 1104, 1112-1113 (9th Cir. 2012). Thus, this was a clear and convincing reasons to reject Plaintiff's testimony. *See Thomas v. Barnhart*, 278 F. 3d at 958-959 (ALJ can consider inconsistency between testimony and conduct); *see also* 20 C.F.R. § 416.1529(c) (An ALJ can consider inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct, as well as the claimant's daily activities); *see also, Burch*, 400 F.3d at 680 (ALJ may consider activities of daily living in credibility determination).

Given the above, the ALJ provided clear and convincing reasons that are supported by substantial evidence when concluding Plaintiff's subjective symptom testimony was not credible. The ALJ clearly identified what testimony she found lacked credibility and the corresponding evidence that undermined Plaintiff's complaints. *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995). If the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas,* 278 F.3d at 959. Further, even if some of the reasons provided could be found inadequate, there are sufficient reasons provided to support the credibility determination. *See Batson*, 359 F.3d at 1197 (9th Cir. 2004). Accordingly, the ALJ's credibility findings are free of reversible error.

///

///

7

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Connie Malia Raquenio.

IT IS SO ORDERED.

Dated: **March 29, 2018** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE